UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
TERRIO NORRIS,                          :
                                        :   Case No. 1:21-cv-1022
    Plaintiff,                          :
                                        :
vs.                                     :   OPINION & ORDER
                                        :   [Resolving Doc. 9]
G4S SECURE SOLUTIONS                    :
(USA), INC., *et al.*,                  :
                                        :
    Defendants.                         :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 13, 2021, Plaintiff Terrio Norris brought Ohio race and gender discrimination claims against Defendants G4S Secure Solutions, Inc. and Art Jaskiewicz, Plaintiff's former employer and supervisor, in the Cuyahoga County Court of Common Pleas.[1]

On May 14, 2021, Defendants removed the case to this Court.[2] On June 7, 2021, Plaintiff moved to remand, arguing that this Court lacks subject matter jurisdiction.[3] Defendants oppose the remand.[4] For the reasons stated below, the Court **GRANTS** Plaintiff's remand motion and **REMANDS** this case to the Cuyahoga County Court of Common Pleas.

I.    BACKGROUND

In October 2018, Plaintiff Norris, an African American woman and Ohio citizen, began working as a security guard for Defendant G4S Secure Solutions, a Florida corporation.[5] While employed by Defendant, Plaintiff Norris claims that she worked

---

[1] Doc. 1-1.
[2] Doc. 1.
[3] Doc. 9.
[4] Doc. 11.
[5] Doc. 1-1 at 6.

Case No. 1:21-cv-1022
Gwin, J.

overlapping shifts with "Don," a non-party white male co-worker.[6] Plaintiff claims that Don repeatedly directed racial and sexual comments to her from the moment she started working for Defendant.[7]

On February 5, 2019, Plaintiff Norris was late to work and instructed by a supervisor not to be late again.[8] Three days later, on Friday, February 8, 2019, the same supervisor sent Plaintiff home before she had completed her shift and informed Plaintiff that she was scheduled to meet with "higher ups," on February 11, 2019, the following Monday.[9]

At the February 11 meeting, Plaintiff met with Defendant Art Jaskiewicz, an Ohio citizen working as another supervisor for Defendant.[10] Defendant Jaskiewicz informed Plaintiff that other employees had reported hearing Plaintiff swearing at the supervisor who had early sent Plaintiff home from work on February 8, 2019.[11] Plaintiff denied these claims and told Defendant Jaskiewicz that she was being racially and sexually harassed by her co-worker.[12] Plaintiff claims that Jaskiewicz then fired her without further investigating Plaintiff's racial and sexual harassment claims.[13]

On April 13, 2021, Plaintiff sued Defendants G4S Secure Solutions and Jaskiewicz in Ohio state court, claiming that Defendants used Plaintiff's isolated tardiness and the purported swearing incident as a pretext to fire Plaintiff because of her race, gender, and co-

---

[6] *Id.* at 7.
[7] *Id.* at 7–8.
[8] *Id.* at 8.
[9] *Id.* at 8–9.
[10] *Id.* at 5, 9.
[11] *Id.* at 9–12.
[12] *Id.*
[13] *Id.*

-2-

Case No. 1:21-cv-1022
Gwin, J.

worker harassment complaint, in violation of Ohio Revised Code § 4112.02(A) and (I).[14] Plaintiff's complaint did not make any federal claims.

On May 14, 2021, Defendants removed the case to this Court, invoking both federal question and diversity jurisdiction.[15] Three weeks later, on June 7, 2021, Plaintiff moved to remand the case to Cuyahoga County, arguing that this Court lacks subject matter jurisdiction.[16] Defendants oppose the remand, though they abandon their earlier federal question jurisdiction theory by making only diversity jurisdiction arguments.[17]

## II. DISCUSSION

The two components of diversity jurisdiction are complete diversity between the parties and more than $75,000 in controversy.[18] The parties do not dispute that the amount in controversy requirement is satisfied. Instead, Plaintiff disputes complete diversity, as both Plaintiff and Defendant Jaskiewicz are Ohio citizens.

The parties' jurisdictional dispute boils down to an interpretive question about permissible defendants under Ohio's workplace anti-discrimination statute, Ohio Revised Code § 4112. That is, if Defendant Jaskiewicz is a permissible § 4112.02(A) or (I) defendant, this Court lacks diversity jurisdiction over this case, or *vice versa*.

Section 4112.02(A) forbids "any employer" from discriminating on the basis of a person's race or sex, among other things, "with respect to hire, tenure, terms, conditions, or privileges of employment." The question whether a supervisor like Defendant Jaskiewicz

---

[14] *Id.* at 14–17.
[15] Doc. 1.
[16] Doc. 9.
[17] Doc. 11 at 2 n.1.
[18] 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

-3-

Case No. 1:21-cv-1022
Gwin, J.

falls under this Ohio provision has a storied legal history, involving two arguably conflicting Ohio Supreme Court decisions,[19] and a bevy of other court decisions attempting to reconcile them, with differing results.[20]

In April 2021, the Ohio General Assembly amended § 4112.02, and the statute now appears to foreclose non-employer supervisor liability under § 4112.02(A).[21] As of the date of this order, however, the Court cannot find an Ohio or Federal decision interpreting the statute as amended. Given that interpreting this amendment is unnecessary to resolve today's dispute, however, the Court thinks it best to leave this novel question to Ohio courts.

Section 4112.02(I), unlike § 4112.02(A), applies to "any person" and prohibits "discriminat[ing] in any manner against any other person because that person has opposed any unlawful discriminatory practice." Consistent with this broader language, this Court has held that "no employer-employee relationship is required to proceed with a suit for retaliation" under § 4112.02(I).[22]

Because the complaint specifically invokes § 4112.02(I) and alleges that Defendant Jaskiewicz's termination of Plaintiff was "retaliatory in nature based on [Plaintiff's] opposition

---

[19] *Hauser v. Dayton Police Dept.*, 17 N.E.3d 554, 559–60 (Ohio 2014); *Genaro v. Cent. Transport, Inc.*, 703 N.E.2d 782, 787 (Ohio 1999).

[20] *Compare, e.g., Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 752 (S.D. Ohio 2018) (holding that individual supervisors cannot be sued under Ohio Revised Code § 4112.02(A) in the aftermath of *Hauser*), *with, e.g., Mussara v. Univ. Hosps. Physicians Servs., Inc.*, Case No. 1:18-cv-959, 2019 WL 315056, at *3 (N.D. Ohio Jan. 24, 2019) (expressly disagreeing with *Parker*).

[21] Ohio Rev. Code § 4112.08 (effective Apr. 15, 2021) ("[N]o person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer.").

[22] *Longoria v. Autoneum N. Am., Inc.*, 3:14-cv-2648, 2015 WL 6658675, at *6 (N.D. Ohio Oct. 30, 2015).

Case No. 1:21-cv-1022
Gwin, J.

to . . . unlawful discriminatory conduct," Defendant Jaskiewicz is a proper Defendant here, even if he is not Plaintiff's "employer" for § 4112.02(A) purposes.[23]

Because Defendant Jaskiewicz, an Ohio citizen, remains involved in this case, the parties are not completely diverse.[24] Further, Defendants pursue no federal question theory to give this Court subject matter jurisdiction.[25] Accordingly, this case must be dismissed.

### III. CONCLUSION

For the stated reasons, the Court lacks subject matter jurisdiction over this case. The Court hereby **GRANTS** Plaintiff's remand motion and **REMANDS** this case to the Cuyahoga County Court of Common Pleas. This matter is closed, and all pending hearings and motions are terminated. In light of the novel questions involved in this case, each party shall bear its own attorney fees.

IT IS SO ORDERED

Dated: June 30, 2021  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[23] Doc. 1-1 at 17.
[24] *Caterpillar*, 519 U.S. at 68.
[25] Doc. 11 at 2 n.1.